**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LESLIE S. KLINGER, an individual, | ) |
| | ) |
| Plaintiff, | ) **Case No. 13-cv-1226** |
| | ) |
| v. | ) |
| | ) **Judge Ruben Castillo** |
| CONAN DOYLE ESTATE, LTD, a business | ) |
| entity organized under the laws of the United | ) |
| Kingdom, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**INITIAL STATUS REPORT**

Plaintiff, Leslie S. Klinger, by and through his attorneys, Scott M. Gilbert and Kourtney

A. Mulcahy of Hinshaw & Culbertson LLP, as his Initial Status Report, states as follows:

As a preliminary point, the Plaintiff would like to note that this Initial Status Report is

being submitted without input from the Defendant. After this action was filed with the Court,

Plaintiff's counsel spoke with attorney Benjamin Allison regarding his ability to accept service

on behalf of the Defendant. Mr. Allison was authorized to waive service on behalf of the

Defendant, and did so pursuant to an agreement reached between the parties, in accordance with

the provisions of Federal Rule of Civil Procedure 4(d)(3), that the Defendant would have 90 days

to file responsive pleading. As such, the Defendant's deadline to file a responsive pleading is

June 3, 2013, and no appearance has yet been filed on its behalf.

A. <u>Nature of the Case</u>

   1. <u>Bases for jurisdiction</u>.

This Court has original jurisdiction over the subject matter of this lawsuit pursuant to *28*

U.S.C. §§ 1331 and 1338 because this case arises under the Copyright Act, *17 U.S.C. §§ 101 et seq.* and the Constitution of the United States. This lawsuit is brought pursuant to the Declaratory Judgment Act, *28 U.S.C. § 2201*.

2.  Nature of the claims and counterclaims.

Plaintiff Leslie S. Klinger ("Klinger"), is the author and editor of twenty-seven (27) books and dozens of articles on various topics relating to the mystery and thriller genres in literature, including two dozen books and numerous articles on the subject of the so-called Canon of Sherlock Holmes, a phrase that refers to the four (4) novels and fifty-six (56) stories by Sir Arthur Conan Doyle featuring the fictional character of Sherlock Holmes and other related characters and story elements (collectively, "the Canon").

The Plaintiff and Laurie R. King ("King") are the co-editors of a literary work, currently titled *In the Company of Sherlock Holmes*, which is a collection of new and original short stories by contemporary authors, all of which were inspired by the Canon and feature various characters and other story elements from the Canon. *In the Company of Sherlock Holmes* is currently being prepared by the Plaintiff and King for publication by Pegasus Books and distribution by W. W. Norton but has not yet been published.

On or about November 28, 2012, and prior to the signing of the publishing agreement for *In the Company of Sherlock Holmes*, Defendant's Agent contacted Pegasus and demanded that Plaintiffs and Pegasus enter into a licensing agreement with Defendants on the same terms as a previous agreement with Random House under the implied threat of an infringement action against the Plaintiff, King, Pegasus Books, and W. W. Norton if a license were not obtained from Defendant.

The Plaintiff asserts that all of the books and stories in the Canon have now passed into the public domain in the United States.

3.  <u>Relief sought by Plaintiff, including computation of claimed damages, if available</u>.

The Plaintiff is seeking a judicial determination and order declaring that, the copyright having expired in the United States as to the works of authorship set forth in Exhibit "B" to the Complaint, and as to the Sherlock Holmes Story Elements as set forth in Exhibit "A" to the Complaint, any member of the public, including Plaintiff, has the right in the United States to copy the expression embodied in these public domain works, and to create and exploit derivative works incorporating any and all of the Sherlock Holmes Story Elements, without infringing any right of Defendant under copyright

The Plaintiff also seeks an Order enjoining Defendant and its agents and attorneys from further asserting rights under copyright in and to the works of authorship set forth in Exhibit "B" to the Complaint and/or the Sherlock Holmes Story Elements as set forth in Exhibit "A" to the Complaint, and from interfering with the exploitation of the Sherlock Holmes Story Elements by Plaintiff.

The Plaintiff also seeks the recovery of Plaintiff's full costs and reasonable attorneys' fees as provided in 17 U.S.C. Section 505, and all other relief the Court deems just and proper.

4.  <u>Names of any parties that have not been served</u>.

The Defendant waived service of summons.  No other parties are thought to exist at this time.

5.  <u>Major legal issues</u>.

Whether copyright protection has expired in the United States as to the works of authorship set forth in Exhibit "B" to the Complaint, and as to the Sherlock Holmes Story Elements as set forth in Exhibit "A" to the Complaint, and the same have therefore entered the public domain.

130572273v1  0943356

6.   <u>Major factual issues</u>.

The dates of first publication of the books and stories in the Canon in the United States as set

forth in Exhibits "B" and "C" of the Complaint, and, if any of the dates of first publication in

the United States as set forth in Exhibits "B" and "C" of the Complaint are not accurate,

whether all of the books and stories set forth in Exhibit "B" were first published in the United

States prior to January 1, 1923.

7.   <u>Citations to key authorities which will assist the Court in understanding and ruling on the</u>

<u>issues</u>.

a.      "Although there has been some conflict in the cases, it is clearly the prevailing
view that characters per se are entitled to copyright protection." *1 Nimmer on Copyright*, §2.12, p
2-178.25, citing, *inter alia*, *Atari, Inc. v. North Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607
(2d Cir1982), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed. 2d 145 (1982).

b.      "What of the situation where an author has used the same character in a series of
works, some of which works subsequently enter the public domain, while others remain
protected by copyright?  <u>Clearly anyone may copy such elements as have entered the public</u>
<u>domain, and no one may copy such elements as remain protected by copyright</u>." *1 Nimmer*,
*supra*, §2.12, p. 2-178.30, 2-178.30(1), 2-178-31 (Emphasis added), citing, *inter alia*, *National
Comics Publishers, Inc. v. Fawcett Publications*, 191 F.2d 594 (2d Cir. 1951).

c.      "The more difficult question is this: may the character depicted in all of the works
be appropriated for use in a new story created by the copier? Assuming the character to be
sufficiently developed as to be protectable, arguably such conduct would constitute an
infringement of those works that remain in copyright. The better view, however, would appear to
be that <u>once the copyright in the first work that contained the character enters the public domain,</u>
<u>then it is not copyright infringement for others to copy the character in works that are otherwise</u>
<u>original with the copier, even though later works in the original series remain protected by</u>
<u>copyright</u>." *1 Nimmer, supra*, §2.12, p. 2-178.31 (Emphasis added), citing, *inter alia*, *Columbia
Broadcasting Sys., Inc. v. DeCosta*, 377 F.2d 315 (1st Cir.), *cert. denied*, 389 U.S. 1007, 88 S. Ct.
565, 19 L. Ed. 2d 603 (1967).

d.      Subsequent works in a series (or sequels) are in a sense derivative works, while
the characters which appear throughout the series are a part of the underlying work upon which
the later works are based. Just as the copyright in a derivative work will not protect public
domain portions of an underlying work as incorporated in the derivative work, <u>so copyright in a</u>
<u>particular work in a series will not protect the character as contained in such series if the work in</u>
<u>the series in which the character first appeared has entered the public domain</u>." *1 Nimmer, supra*,

4

130572273v1  0943356

§2.12, p. 2-178.31(Emphasis added), citing, *inter alia*, *Siegel v. Warner Bros. Entm't Inc*., 690 F. Supp. 2d 1048, 1059 (C.D. Cal 2009).

       e.      "The fundamental copyright principle applicable to this case is that a copyright affords protection only for original works of authorship and, consequently, copyrights in derivative works secure protection only for the incremental additions of originality contributed by the authors of the derivative works. [Citation omitted.] Thus, the CBS copyrights in the post-1948 scripts and programs . . . provided protection only for the increments of expression beyond what is contained in the pre-1948 radio scripts, which are in the public domain. <u>This principle is fully applicable to works that provided further delineation of characters already sufficiently delineated to warrant copyright protection.</u> *See Burroughs v. Metro-Goldwyn Mayer, Inc*., 683 F.2d 610, 631 (2d Cir. 1982)." *Silverman v. CBS, Inc*., 870 F. 2d 40, __ (2nd Cir. 1989) (Emphasis added) (Plaintiff sued for declaratory judgment to the effect that, *inter alia*, various scripts of the *Amos 'n Andy* radio show broadcast prior to 1948 were now in the public domain because they had not been renewed and were available for use in derivative works without the consent of the copyright owner of post-1948 scripts.)

       f.      "Like the Amos 'n Andy characters, the Holmes and Watson characters have been delineated in over fifty stories that no longer possess copyright protection. Again, like Silverman, just as these many stories have passed into the public domain, so too have their delineated constituent elements, such as the Holmes and Watson characters that are the subject of this suit. …Thus, at most, '[o]nly increments of expression added by' the Nine Stories, either to these two characters or any aspect of Sir Doyle's stories that are in the public domain and underlie plaintiff's works, are protected. *Silverman*, 870 F.2d at 50. Storylines, dialogue, characters and character traits newly introduced by the Nine Stories are examples of added contributions susceptible to copyright protection." *Pannonia Farms, Inc. v. USA Cable*, 72 U.S.P.Q. 1090, __. (SDNY 2004), citing, *inter alia* , *Silverman* , *supra* , and *Filmvideo Releasing Corp. v. Hastings*, 668 F.2d 91, 92 (2d Cir. 1981). (Neither of the parties to the foregoing case are parties to the present case.)

B.  <u>Preparation of Draft Scheduling Order</u>

    1.   <u>Outline of the scheduling order required by Fed. R. Civ. P. 16(b)</u>.

        a.      Deadline to Join Other Parties: September 9, 2013.

        b.      Deadline to Amend the Pleadings: September 9, 2013.

        c.      Deadline to Complete Discovery: October 9, 2013.

        d.      Deadline to File Dispositive Motions: November 25, 2013.

130572273v1  0943356

C.  Trial Status

    1.  <u>Whether a jury trial has been requested</u>.

Plaintiff has demanded a jury trial.

    2.  <u>Probable length of trial</u>.

Seven days.

D.  <u>Consent to Proceed Before a Magistrate Judge</u>

    1.  <u>Whether the parties will consent to proceed before a Magistrate Judge for all proceedings including trial</u>.

The Parties have not mutually agreed to proceed before a Magistrate Judge for all proceedings.

E.  <u>Settlement Status</u>

    1.  <u>Whether settlement discussions have been held and the status of those discussions, if any</u>.

No settlement discussions have occurred.

Respectfully submitted,

By: ____s/Scott M. Gilbert_____

Attorney for the Plaintiff


Scott M. Gilbert (#06282951)
Kourtney A. Mulcahy (#6276695)
Hinshaw & Culbertson LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 (fax)

130572273v1  0943356

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 10, 2013, I electronically filed **Plaintiff's Initial Status Report,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: /s/ Scott M. Gilbert
One of the Attorneys for Plaintiff
Scott M. Gilbert (# 06282951)
Kourtney A. Mulcahy (#6276695)
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

130572273v1 0943356